## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BLUJAY SOLUTIONS INC.,
915 E. 32nd Street
Holland, MI  49423,

                Plaintiff,              Case No.

      vs.

RIVERBEND FOODS, LLC
1080 River Avenue
Pittsburgh, PA  15212,

                Defendant.

## COMPLAINT

Plaintiff, BluJay Solutions Inc., by its attorneys, Husch Blackwell LLP, and Morrison

Mahoney, LLP, as and for its claims against Defendant, Riverbend Foods, LLC alleges as follows:

## PARTIES

1.     Plaintiff, BluJay Solutions, Inc.("BluJay" or "Plaintiff") provides transportation

services, warehouse management solutions, compliance screening, supplier and product support

for retailers and e-commerce companies, as well as supply chain networking to its customers.

BluJay is incorporated in the State of Delaware, and its principal place of business is 915 E. 32nd

Street, Holland, Michigan 49423.

2.     Defendant, Riverbend Foods, LLC ("Riverbend" or the "Defendant") is a limited

liability company providing various packaging options including research and development to the

food industry.  Riverbend's principal place of business is located at 1080 River Avenue, Pittsburgh,

Pennsylvania 15212.

3.      Upon information and belief, Insight Equity acquired Riverbend on or about May 22, 2017.  Insight Equity LP is a company formed in the State of Texas, with its principal place of business at 1400 Civic Place, Southlake, Texas 76092.

4.      Upon information and belief, none of the members of Riverbend are citizens of BluJay's state of citizenship.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship of the parties and the amount in controversy (without interest and costs) exceeding $75,000.00.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.      BluJay Solutions Co. and Riverbend entered into a Software License and Services Agreement (the "Agreement") dated December 22, 2017.  Attached as **Exhibit 1** is a true and correct copy of the Agreement.

8.      Effective February 1, 2019, BluJay Solutions Co. merged with and into BluJay.  As part of that process, all contracts that BluJay Solutions Co. had with its customers were assigned to BluJay.

9.      By letter dated January 10, 2019, Riverbend received notice of BluJay's internal restructuring and assignment of the Agreement from BluJay Solutions Co. to BluJay.  A true and correct copy of this letter is attached hereto as **Exhibit 2**.

10.     BluJay did not receive any objection from Riverbend as to the assignment of the Agreement at any time prior to February 1, 2019.

4825-6658-8810.1

11.     Under the Agreement, BluJay granted Riverbend a license to use BluJay's Transportation Management SaaS Service (the "Software") for a non-cancellable term of four years commencing May 1, 2018.

12.     The parties also executed an Addendum for Logistics as a Service ("LaaS") effective March 19, 2018 (the "Addendum"), which was incorporated and otherwise made a part of the Agreement.  A true and correct copy of the Addendum is attached hereto as **Exhibit 3**.

13.     The Addendum specified additional LaaS services that BluJay was contracted to provide between April and October 2018.  In return for the LaaS services, Riverbend agreed to pay $11,000 for the month of April 2018, and a monthly fee of $22,000 from May through October 2018.

14.     BluJay spent a considerable amount of time, money and effort in the setup, configuration and integration of the Software for Riverbend.

15.     BluJay has provided Riverbend the Software called for by the Agreement and billed Riverbend accordingly.

16.     Riverbend has failed to pay various invoices provided to it by BluJay associated with the Agreement, culminating with BluJay sending a Notice of Breach letter on or about January 4, 2019 to Riverbend (the "Notice of Breach Letter").  A true and correct copy of the Notice of Breach letter is attached hereto as **Exhibit 4**.

17.     The Notice of Breach Letter stated that per Section 8.1 of the Agreement, payments were due to be paid within 30 days of receipt of a BluJay invoice.  The letter attached copies of the overdue invoices, which as of January 4, 2019, amounted to $127,200 (plus interest of 1.5% per month), and requested that Riverbend cure its material breach consistent with the terms of the Agreement.

18.     On or about January 4, 2019, BluJay received a letter from Riverbend purporting to terminate the Agreement (the "Termination Letter").  A copy of the Termination Letter is attached hereto as **Exhibit 5**.

19.     BluJay responded to the Termination Letter on or about January 10, 2019.  A true and correct copy of the January 10th letter is attached hereto as **Exhibit 6**.

20.     As explained in BluJay's January 10, 2019 letter, Riverbend failed to follow the requirements of Section 9.1 of the Agreement to provide notice of any alleged issues with the Software and afford BluJay thirty days thereafter to cure.

21.     At no time prior to BluJay's receipt of the Termination Letter did Riverbend ever state to BluJay that BluJay was in breach of the Agreement.

22.     After sending its letter on January 10, 2019, BluJay thereafter continued its efforts to compel Riverbend to pay its outstanding balance and continue with the remaining term of the Agreement.  Despite these efforts, Riverbend has failed and refused to pay overdue amounts and otherwise continue with the term remaining on the Agreement.  Stated another way, Riverbend has failed to cure its material breach of the Agreement.

23.      Pursuant to Section 21.10 of the Agreement, BluJay and Riverbend agreed that in the event of a dispute between them, Massachusetts law would apply and the appropriate forum for the parties' dispute was the Federal District Court of Massachusetts.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

24.     BluJay re-alleges and incorporates paragraphs 1 through 23 above as though fully contained herein.

25.     The Agreement entered into between BluJay and Riverbend constitutes an enforceable contract.

4

26.     By failing to pay the invoices and other amounts owed to BluJay under the Agreement, and otherwise purporting to terminate the Agreement in contravention of its terms, Riverbend has materially breached the Agreement.

27.     As a direct result of Riverbend's material breach of the Agreement, BluJay has suffered damages in an amount to be determined at trial.

**WHEREFORE**, BlueJay demands this Honorable Court award judgment for it against Riverbend for all damages plus reasonable attorneys' fees, interest, costs and whatever other relief this Court deems just.

**SECOND CAUSE OF ACTION:**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

28.     BluJay repeats and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     An implied covenant of good faith and fair dealing exists in every contract.

30.     Riverbend has breached the covenant by failing and refusing to pay the invoices and other amounts owed to BluJay under the Agreement.

31.     As a result of Riverbend's breach, BluJay has sustained substantial financial loss.

**WHEREFORE**, BluJay demands this Honorable Court award judgment for it against Riverbend for all damages plus reasonable attorneys' fees, interest, costs and whatever other relief this Court deems just.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF MASS. GEN. LAWS. CHP. 93A**

32.     BluJay repeats and realleges Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     BluJay and Riverbend are engaged in the conduct of trade or commerce within the meaning of Massachusetts General Laws ch. 93A.

34.     Riverbend's failure to pay the invoices and other amounts owed to BluJay under the Agreement constitutes unfair or deceptive acts or practices within the meaning of Mass. Gen. Laws ch. 93A.

35.     The unfair and deceptive conduct by Riverbend was undertaken knowingly and willfully.

36.     As a direct and proximate result of the unfair and deceptive acts and practices of Riverbend, BluJay has suffered and continues to suffer a loss of money.

37.     BluJay is entitled to recover treble damages resulting from the violations of Mass. Gen. Laws. ch. 93A, plus interest, costs and attorneys' fees.

**WHEREFORE**, BluJay demands this Honorable Court award judgment for it against Riverbend, for damages, trebled, plus reasonable attorneys' fees, interest, costs and whatever other relief this Court deems just.

Plaintiff,
BluJay Solutions, Inc.

/s/ *Grace V.B. Garcia*

Grace V.B. Garcia, BBO #640970
Kathleen A. Federico, BBO #682722
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: March 18, 2019

6

Co-Counsel:

/s/ Eric J. Meier

_____
Eric J. Meier
HUSCH BLACKWELL LLP
P.O. Address:
555 East Wells Street, Suite 1900
Milwaukee, WI  53202
Phone:  (414) 978-5413
Fax:  (414) 223-5000
Eric.meier@huschblackwellcom